IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **TINA FEW** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.                    ) | **CIVIL ACTION NO: -_____** |
| ) | |
| **RECEIVABLES PERFORMANCE** ) | ***TRIAL BY JURY REQUESTED*** |
| **MANAGEMENT, LLC** ) | |
| ) | |
| **Defendant** ) | |
| ) | |

## COMPLAINT

**COMES NOW,** Plaintiff Tina Few (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, Receivables Performance Management, LLC (hereafter referred to as "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendants' violations of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").  The Defendant(s), through the use of an automated dialing machine, continually contacted Plaintiff on her cellular telephone after Plaintiff informed Defendant to cease this form of harassing communication.  In an attempt to collect a debt of $161.78, owing to a business not a party to this litigation, Receivables Performance contacted Ms. Few 184 times during the span of four months.  Defendant's continual attempts to contact Plaintiff via this method were so frequent as to be unreasonable and constitute harassment

1

within the meaning of the Collection Agency Act, and constituted such a nuisance as to be clearly within the ambit of the TCPA's protections

## PARTIES

1. Plaintiff Tina Few is an individual over the age of 18 residing at 73 King Avenue, De Armanville, Alabama 36257

2. Defendant Receivables Performance Management, LLC is and at all times herein referenced was, a Washington Corporation.  As a consequence of Receivables Performance Management, LLC's activities directed at the Plaintiff, a resident of the State of Alabama, it was reasonably foreseeable that the effects of its actions would be felt by Plaintiff in this state. Defendant Receivables Performance Management, LLC is available for service of process via a Registered Agent, to wit:  CT CORPORATION SYSTEM 2 NORTH JACKSON ST., SUITE 605, MONTGOMERY, ALABAMA  36104

## JURISDICTION AND VENUE

1. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and 28 U.S.C. § 1367 Supplemental Jurisdiction.

2. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action, is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii).

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District because the Plaintiff resides in this District, the phone calls were received in this District, and Defendant transact business in this District.

**FACTUAL ALLEGATIONS**

4. The conduct of Defendant, which gives rise to the cause of action herein alleged, occurred in this District, Calhoun County, by the Defendant placing of unlawful telephone calls to Plaintiff's cellular telephone.

5. Defendant, at all material times, was attempting to collect a consumer debt relating to debt of $161.78 initially incurred with Dish Network.

6. On or about, April 27, 2017, Plaintiff received a phone call from Defendant Receivables Performance Management, LLC to collect an allegedly outstanding debt from Dish Network.

7. Defendant Receivables Performance Management, LLC. acted either as the agent of Dish Network, or, in the alternative, acted on its own behalf as a third-party debt collector in its attempts to contact Plaintiff in order to collect a debt.

8. During the telephone call, Plaintiff informed Defendant to stop calling her cell phone and revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication.

9. Plaintiff's oral communication of her demand not to be contacted by Defendant constitutes a reasonable method of revoking consent within the meaning of the FCC's Declaratory Ruling and Order dated July 10, 2015 ("TCPA Ruling").

10. Defendant nevertheless continued to contact Plaintiff over the course of four months.

11. Plaintiff consistently re-expressed her demand not to be contacted by Defendant on numerous other occasions.

12. After Plaintiff's initial revocation of consent, Plaintiff has received in excess of 184 telephone calls and text messages from Defendant Receivables Performance Management, LLC, in an attempt to collect this debt.

13. All calls to Plaintiff's cell phone were made after Plaintiff revoked any "alleged" consent and without the "prior express consent" of Plaintiff.

14. Plaintiff is the regular user and carrier of the cellular telephone number ending in 0268 and was the called party and recipient of Defendant's automatic telephone dialing system and/or artificial or prerecorded voice.

15. Defendant knowingly and/or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls and after Plaintiff withdrew any prior consent or permission to be contacted.

16. Defendant knowingly and/or willfully harassed and abused Plaintiff by calling Plaintiff's cellular telephone multiple times per day from April 27, 2017 through the filing of this complaint.

17. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff's cellular telephone.

18. Defendant initiated calls to the Plaintiff using, among others, the following telephone number:

   (a) 425-372-5309

19. The Plaintiff's phone number at which she was contacted by the Defendant ends in the following 4 digit code 0268.

20. Defendant placed calls to Plaintiff's cellular telephone that included delays in time before the telephone call was transferred to a representative to speak.

21. Defendant left messages on Plaintiff's cellular telephone that started with a delay in time before the representative joined the line to leave a message.

22. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

23. None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

24. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I

### VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

25. Plaintiff incorporates all allegations in paragraphs 1-24 above as if stated fully herein.

26. Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

27. Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

28. Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

WHEREFORE, Plaintiff Tina Few demands judgment against Defendant, Receivables Performance Management, LLC, for the following relief:

a. statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after April 27, 2017;

b. any other relief the Court deems just and proper.

## COUNT II

### WILLFULL OR KNOWING VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

29. Plaintiff incorporates all allegations in paragraphs 1-27 above as if stated fully herein.

30. The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant was well aware of the TCPA and its prohibitions.

31. As part of Defendant's business, it regularly contacts debtors in an attempt to collect debts.

32. Due to the nature of Defendant's business described above, Defendant is well aware of the proscription of the TCPA and all FCC Regulations, Declarations, and other guidance.

33. It is therefore incumbent upon the Defendants to comply with the TCPA, FCC Regulations, and other guidance.

34. The decision to ignore the proscriptions of the TCPA, FCC Regulations, and other guidance, or fail to institute procedures designed to prevent violations of the TCPA, FCC Regulations, and other guidance, is a willful violation of the TCPA.

WHEREFORE, Plaintiff Tina Few demands judgment against Defendant, Receivables Performance Management, LLC, for the following relief:

a. In addition to the relief requested in Count I, treble damages pursuant to 47 U.S.C. § 227(b)(3) (flush language) of the amount determined in Count I in the amount of $500.00 for each of the independent violations occurring after April 27, 2017.

b. any other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues.

s/ Rhon E. Jones_____ _____ _____
RHON E. JONES     (JON093)
JEFFERY D. PRICE  (PRI086)

**ATTORNEY FOR PLAINTIFF**

OF COUNSEL:

BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P.C.
218 Commerce Street
P.O. Box 4160
Montgomery, Alabama 36103-4160
(334) 269-2343
(334) 954-7555 (Facsimile)
rhon.jones@beasleyallen.com
jeff.price@beasleyallen.com