# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| TINA FEW, ] | |
| ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | CIVIL ACTION NO. |
| ] | 1:17-CV-2038-KOB |
| RECEIVABLES PERFORMANCE ] | |
| MANAGEMENT, ] | |
| ] | |
|     Defendant. ] | |

## MEMORANDUM OPINION

Plaintiff Tina Few asserts that Defendant Receivables Performance Management violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, by contacting her at least 184 times using an automated dialing machine in an attempt to collect a debt for satellite television and internet services. This matter is before the court on Receivables's amended motion for summary judgment (doc. 14).

Receivables moves for summary judgment arguing, in part, that Ms. Few's claim must fail because she consented to receiving the debt-collection calls on her cell phone. Ms. Few responds that she revoked her consent before receiving many of the calls. Receivables, however, replies that Ms. Few offered her consent as part of a contractual agreement.

The court agrees with Receivables's position; Ms. Few could not unilaterally revoke her consent to receive debt-collection calls because she agreed to provide that consent as part of a bargained-for exchange. The court will GRANT Receivables's amended motion for summary judgment (doc. 14).

# STANDARD OF REVIEW

Summary judgment is an integral part of the Federal Rules of Civil Procedure. Summary judgment allows a trial court to decide cases when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. When a district court reviews a motion for summary judgment, it must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The moving party can meet this burden by offering evidence showing no dispute of material fact. *Id.* at 322-23.

Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). In reviewing the evidence submitted, the court must "view the evidence presented through the prism of the substantive evidentiary burden," to determine whether the nonmoving party presented sufficient evidence on which a jury could reasonably find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986); *Cottle v. Storer Commc'n, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). And, the court must view all evidence and inferences drawn from the underlying facts in the light most favorable to

the nonmoving party. *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999).

## FACTS

Plaintiff Tina Few and DISH, a satellite communications firm, agreed to a contract to provide Ms. Few with DISH's television and high-speed internet services. As part of the contract, Ms. Few provided DISH with a telephone number ending in 0268 and authorized DISH "and/or any debt collection agency and/or debt collection attorney hired by DISH," to contact her at that number "to recover any unpaid portion of [her] obligation to DISH, through an automated or predictive dialing system or prerecorded messaging system[.]" (Doc. 6-3 at 9; Doc. 6-3 at 15). Ms. Few signed the document immediately above this language.

In April 2017, DISH provided Defendant Receivables Performance Management, a debt-collections firm, with the 0268 phone number for the purpose of recovering an alleged debt on the account. On April 27, 2017, Ms. Few answered a call from Receivables and informed the caller that she no longer wished to receive calls from Receivables. Receivables nevertheless continued calling, ultimately placing, in Ms. Few's estimation, "in excess of 184 telephone calls and text messages." (Doc. 1 at 3 ¶ 12).[1]

## DISCUSSION

Ms. Few asserts that Receivable's phone calls and text messages violated the TCPA. The TCPA forbids any person to make a call "using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any

---

[1] The parties contest whether Receivables used an automatic telephone dialing system or an artificial or prerecorded voice in making the calls. The court finds these disputes immaterial in light of its conclusion that the 184 calls fell within § 227(b)(1)(A)'s exception for calls made with the prior express consent of the called party.

3

service for which the called party is charged for the call . . . ." 47 U.S.C. § 227(b)(1)(A). But calls made "with the prior express consent of the called party" are not prohibited. *Id.*

In this case, Ms. Few contends that, although she may have initially provided DISH— and, by extension, Receivables, which acted as DISH's agent for the purpose of debt collection—with consent to call the 0268 number, she revoked that consent orally on April 27, 2017. Receivables, however, responds that Ms. Few could not unilaterally revoke her prior and express consent because she made it as part of a bargained-for exchange. The court agrees.

Courts should evaluate the revocation of consent under § 227(b)(1)(A) by considering "the common law concept of consent." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255 (11th Cir. 2014). These common law concepts allow the unilateral revocation of consent, but only "in the absence of any contractual restriction to the contrary[.]" *See id.* And Ms. Few does not dispute that she contractually agreed to allow Receivables to make the phone calls at issue.

The Eleventh Circuit has not spoken further on how a contractual agreement bears on revocation of consent under § 227(b)(1)(A). But the Second Circuit, applying the same common-law concepts of consent to § 227(b)(1)(A), has persuasively reasoned that a party who grants consent to be contacted within an otherwise-valid contractual provision cannot thereafter unilaterally revoke her consent. *Reyes v. Lincoln Automotive Fin. Servs.*, 861 F.3d 51, 56-57 (2d Cir. 2017). The Second Circuit stated: "We agree with the district court that the TCPA does not permit a party who agrees to be contacted as part of a bargained-for exchange to unilaterally revoke that consent, and we decline to read such a provision into the act. . . . It is black-letter law that one party may not alter a bilateral contract by revoking a term without the consent of a counterparty." *Id.*; *accord Kinmon v. J.P. King Auction Co., Inc.*, 276 So. 2d 569, 571 (Ala. 1973) ("Unilateral grumbling cannot modify a bilateral contract."). Ms. Few gave prior express

4

consent to Receivables to make the calls and, because she offered that consent as part of a bargained-for exchange and not merely gratuitously, she was unable to unilaterally revoke that consent. Receivables's phone calls to Ms. Few, therefore, did not violate the TCPA. *See* 47 U.S.C. § 227(b)(1)(A).

Ms. Few asserts that the call records provided by Receivables "suggest that [it] contacted her on another line [that] was not included in" the contract with DISH. (Doc. 18 at 9). Yet Ms. Few fails to support her assertion with any citation and this court, having reviewed the call records, cannot identify any "suggestion" that Receivables made any calls to a phone number other than the 0268 number, which Ms. Few provided to DISH to use for debt-collection purposes as part of her agreement to receive DISH's services.[2]

Finally, Ms. Few observes that she did not have the opportunity for full discovery before Receivables filed the motion for summary judgment now before the court. True, but the Federal Rules of Civil Procedure provide that a party may file a motion for summary judgment at any time until 30 days after the close of discovery. *See* Fed. R. Civ. P. 56(b). And the court sees little merit in forcing Receivables to bear the costs of discovery given that Ms. Few does not dispute the existence of the contract that precludes her claims under the TCPA. So even taking Ms. Few's view of the facts as true, including her allegation that Receivables used an automated dialer and her description of the April 27, 2017, attempted revocation of consent, Ms. Few's TCPA claims fail as a matter of law. *See* 47 U.S.C. § 227(b)(1)(A).

The court will GRANT Receivables's motion for summary judgment and will ENTER SUMMARY JUDGMENT in Receivables's favor on Ms. Few's TCPA claims.

---

[2] Furthermore, in her complaint, Ms. Few alleges only that Receivables made calls to the 0268 number. (Doc. 1 ¶ 19).

**DONE** and **ORDERED** this 9th day of August, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE