# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **TINA FEW,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **CIVIL ACTION NO.** |
| ] | **1:17-CV-2038-KOB** |
| **RECEIVABLES PERFORMANCE** ] | |
| **MANAGEMENT, LLC,** ] | |
| ] | |
| **Defendant.** ] | |

## **MEMORANDUM OPINION**

This matter comes before the court on Plaintiff Tina Few's motion for reconsideration brought under Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 23).

Ms. Few asserted that Defendant Receivables Performance Management violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by contacting her using an automated dialing machine in an attempt to collect a debt after she revoked her consent to receive debt-collection calls. Receivables moved for summary judgment arguing, in part, that it was entitled to judgment as a matter of law because Ms. Few could not revoke consent to receive debt-collection calls after she gave consent in a contract. The court granted Receivables's amended motion for summary judgment reasoning that "Ms. Few could not unilaterally revoke her consent to receive debt-collection calls because she agreed to provide

1

that consent as part of a bargained-for exchange." (Doc. 21 at 1). Ms. Few asks the court to reconsider its decision.

In her motion for reconsideration, Ms. Few has identified a manifest error of law in the court's Memorandum Opinion and Final Order granting Receivables's motion for summary judgment. Contrary to the court's Memorandum Opinion, binding Eleventh Circuit precedent establishes that Ms. Few *could* unilaterally and orally revoke her consent to receive debt-collection calls *unless* a contract restricted the means by which she could revoke consent. Her contract contains no such restriction so she was free to orally revoke consent. For this reason and as further explained below, the court WILL GRANT Ms. Few's motion for reconsideration, WILL VACATE its Memorandum Opinion and Final Order, and WILL ENTER a separate opinion on the motion for summary judgment.

I. STANDARD OF REVIEW

A motion for reconsideration seeks post-judgment relief from a district court. Rule 59(e) of the Federal Rules of Civil Procedure permits an aggrieved party to file "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." And a motion for reconsideration is essentially the same as a motion to alter or amend judgment, so a district court analyzes a motion for reconsideration under Rule 59(e). *See Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

But Rule 59 also aims to enforce the finality of a court's judgment. *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126, 1129 n.6 (11th Cir. 1994). So, unsurprisingly, granting a Rule 59(e) motion for reconsideration "is an extraordinary remedy and is employed sparingly." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267 (N.D. Ala. 2006). Indeed, the Eleventh Circuit recognizes only newly-discovered evidence or a manifest error of law or fact as grounds for granting a Rule 59(e) motion. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Ms. Few's motion proceeds only on the grounds of a manifest error of law.

## II. BACKGROUND

### 1. Factual Background

The court will briefly restate the facts that were pertinent to the court's decision on Receivables's amended motion for summary judgment.

Ms. Few and DISH Network agreed to a contract to provide Ms. Few with DISH's television and high-speed internet services. As part of the contract, Ms. Few provided DISH with a telephone number ending in 0268 and signed her name immediately above the following "Customer Contact Information" section:

> By signing above, you authorize DISH, and/or any debt collection agency and/or debt collection attorney hired by DISH, to contact you regarding your DISH Network account or to recover any unpaid portion of your obligation to DISH, through an automated or predictive dialing system or prerecorded messaging system, at the phone number . . . you have provided . . . .

(Doc. 6-3 at 15).

In April 2017, DISH provided Receivables, a debt-collections firm, with the 0268 phone number for the purpose of recovering an alleged debt on the account. On April 27, 2017, Ms. Few answered a call from Receivables and informed the caller that she no longer wished to receive calls from Receivables. Receivables nevertheless continued calling. Ms. Few contends that she "has received in excess of 184 telephone calls and text messages from [Receivables]." (Doc. 1 at ¶ 12).

Ms. Few asserted that Receivables violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which forbids any person to make a call "using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . ." But it does not prohibit calls "made with the prior express consent of the called party." 47 U.S.C § 227(b)(1)(A).

2. <u>Receivables's Amended Motion for Summary Judgment</u>

Before the parties began discovery, Receivables filed an amended motion for summary judgment. (Doc. 14). In its motion, Receivables argued that it was entitled to judgment as a matter of law because Ms. Few could not revoke her consent to receive debt-collection calls and Receivables's telephone system did not meet the definition of an "automatic telephone dialing system" under the TCPA.

4

The court agreed with Receivables that Ms. Few could not revoke her consent to receive debt-collection calls. In the court's Memorandum Opinion addressing Receivables's motion for summary judgment, the court explained that Ms. Few gave express written consent for debt-collection agencies to call her telephone number in the contract for television services. The court then found that "'[i]t is black-letter law that one party may not alter a bilateral contract by revoking a term without the consent of a counterparty.' [*Reyes v. Lincoln Automotive Fin. Servs.*, 861 F.3d 51, 56–57 (2d Cir. 2017)]. Ms. Few gave prior express consent to Receivables to make the calls and, because she offered that consent as part of a bargained-for exchange and not merely gratuitously, she was unable to unilaterally revoke that consent. Receivables's phone calls to Ms. Few, therefore, did not violate the TCPA." (Doc. 21 at 4–5). For these reasons, the court entered summary judgment for Receivables.

As the court next explains in detail, the court reached its decision in error. The court should not have entered summary judgment for Receivables under binding Eleventh Circuit precedent.

### III. ANALYSIS

In its Memorandum Opinion, the court failed to correctly follow *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014). In *Osorio*, the Eleventh Circuit addressed whether the TCPA permits consumers to orally revoke their

consent to receive autodialed calls. The Eleventh Circuit first "presume[d] from the TCPA's silence regarding the means of providing or revoking consent that Congress sought to incorporate 'the common law concept of consent.'" *Osorio*, 746 F.3d at 1255 (quoting *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 270 (3d Cir. 2013)). The Eleventh Circuit then found that "common-law notions of consent generally allow oral revocation." *Id.* (citing *Pepe v. Shepherd*, 422 So. 2d 910, 911 (Fla. Dist. Ct. App. 1982)). So, the Eleventh Circuit concluded that "*in the absence of any contractual restriction to the contrary*," consumers "were free to orally revoke any consent previously given." *Id.* (emphasis added).

Here, no "contractual restriction to the contrary" exists. Ms. Few's contract does not restrict the means by which she may revoke her prior express consent, and so under *Osorio*, Ms. Few was free to orally revoke her consent.

Crucially, the contractual grant of consent is *not* a "contractual restriction to the contrary" under *Osorio* because it does not restrict the *means* of revocation. *See Osorio*, 746 F.3d at 1255 ("We therefore conclude that Betancourt and Osorio, in the absence of any contractual restriction to the contrary, were free to orally revoke any consent previously given to State Farm to call No. 8626 in connection with Betancourt's credit-card debt."). For example, a contract provision stating that Ms. Few may revoke consent only in writing would be a "contractual restriction to the contrary" of Ms. Few's right to "orally revoke any consent

previously given," and would therefore invalidate Ms. Few's oral revocation. *Osorio*, 746 F.3d at 1255. No such provision exists and her oral revocation was effective.

Several district courts in the Eleventh Circuit have relied on *Osorio* and found that a party may unilaterally and orally revoke consent to receive debt-collection calls even in the presence of a contractual grant of consent. *See Patterson v. Ally Fin., Inc.*, 2018 WL 647438, at *5 (M.D. Fla. Jan. 31, 2018); *Target Nat'l Bank v. Welch*, 2016 WL 1157043, at *5 (M.D. Fla. Mar. 24, 2016); *Smith v. Markone Financial, LLC*, 2015 WL 419005, at *3 (M.D. Fla. Feb. 2, 2015). This court now does the same.

As Receivables discusses in its opposition to the motion for reconsideration, one district court followed this court's lead and found that a plaintiff could not revoke consent to receive debt-collection calls given in a contract. *Medley v. Dish Network, LLC*, 2018 WL 4092120, at *12 (M.D. Fla. Aug. 27, 2018). But the district court in *Medley* relied, in part, on this court's Memorandum Opinion that failed to follow the binding precedent established in *Osorio*. *Id.* at *10. And the district court in *Medley* erroneously distinguished *Patterson* and *Target*, cases which, as the court cited above, correctly followed *Osorio*, because the plaintiffs in those cases gave consent to receive debt-collection calls in a credit application as opposed to a contract for services. *Id.* at *11. But the distinction makes no

7

difference; the district court in both *Patterson* and *Target* found that the plaintiff gave consent as part of a contract and could still revoke that consent under *Osorio* because the contracts did not restrict the methods of revocation. *Patterson*, 2018 WL 647438, at *5; *Target*, 2016 WL 1157043, at *5.

Finally, the court acknowledges that it mistakenly relied on *Reyes v. Lincoln Automotive Fin. Servs.*, 861 F.3d 51 (2d Cir. 2017). There, the Second Circuit found that a party who gave consent to receive debt-collection calls in a contract could not thereafter unilaterally revoke that consent because it is "black-letter law that one party may not alter a bilateral contract by revoking a term without the consent of a counterparty." *Reyes*, 861 F.3d at 56–57. If *Reyes* were binding as precedent on this court, then Receivables would be entitled to summary judgment.

Although the *Reyes* decision applies solid "black letter law," the law of the Eleventh Circuit, not the Second Circuit, binds this court. And the law of the Eleventh Circuit as stated in *Osorio* holds that under the TCPA, a party may unilaterally and orally revoke consent to receive debt-collection calls given in a contract unless the contract restricts the means by which the party may revoke consent. *See Osorio*, 746 F.3d at 1255.

The court held the opposite in its Memorandum Opinion and Final Order and, in doing so, committed a manifest error of law. This manifest error of law was the sole reason for granting Receivables's motion for summary judgment, so

8

the court must vacate its Memorandum Opinion and Final Order.

But the court still has not resolved all of Receivables's motion for summary judgment. Because the court erroneously granted Receivables's motion for summary judgment only on the basis of Ms. Few's ineffective revocation of consent, the court did not address Receivables's alternative argument that it is entitled to summary judgment because its telephone system is not an "automatic telephone dialing system" as defined by the TCPA. By separate opinion and order, the court will address the rest of Receivables's motion for summary judgment.

## IV. CONCLUSION

By separate order, the court **WILL GRANT** Ms. Few's motion for reconsideration and **WILL VACATE** the court's August 9, 2018 Memorandum Opinion and Final Order granting Receivables's amended motion for summary judgment.

In addition, the court **WILL ENTER** a separate opinion and order on Receivables's amended motion for summary judgment.

**DONE** and **ORDERED** this 13th day of November, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE