UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TINA FEW,<br><br>    Plaintiff,<br><br>v.<br><br>RECEIVABLES PERFORMANCE MANAGEMENT, LLC,<br><br>    Defendant. | CIVIL ACTION NO.<br>1:17-CV-02038-KOB |

## MEMORANDUM OPINION

This matter comes before the court on reconsideration of Defendant Receivables Performance Management's amended motion for summary judgment. (Doc. 14). By separate action (doc. 29), the court vacated its August 9, 2018 Memorandum Opinion (doc. 21) and Final Order (doc. 22) granting the motion for summary judgment, and the court now considers the motion once again.

Plaintiff Tina Few alleges that Receivables violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), by contacting her using an automated dialing machine in an attempt to collect a debt after she revoked her consent to receive debt-collection calls. Receivables moves for summary judgment arguing that (1) Ms. Few gave consent to receive debt-collection calls and could not revoke that consent as a matter of law; and (2) that Receivables did not use an "automatic telephone dialing system" ("ATDS") or an "artificial or prerecorded

1

voice" as defined by the TCPA.

As the court explained in detail in its Memorandum Opinion on Ms. Few's motion for reconsideration, Ms. Few could unilaterally and orally revoke her consent to receive debt-collection calls as a matter of law. And because the parties have not engaged in any discovery, Receivables's motion for summary judgment on the issue of whether its telephone system is an ATDS or uses an artificial or prerecorded voice is premature. So the court WILL DENY Receivables's motion for summary judgment.

I. STANDARD OF REVIEW

Summary judgment is a significant mechanism for pre-trial resolution. Summary judgment allows a trial court to decide cases when no genuine disputes of material fact exist and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. The court will enter summary judgment if the movant establishes two necessary elements: (1) that there is no genuine dispute as to any material fact; and (2) that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Receivables accepts Ms. Few's version of the material facts—Receivables does not dispute that it repeatedly called her after Ms. Few attempted to orally revoke her consent. But Receivables contends that it is entitled to judgment as a matter of law based on those facts.

Receivables then adds a new factual allegation to the record and calls it "undisputed," but as the court discusses below, Receivables cannot on a motion for summary judgment contend that no genuine dispute of a material fact exists without first giving Ms. Few the opportunity to conduct sufficient discovery to determine whether she can dispute the material fact.

## II.    FACTS

Ms. Few's complaint arises out of unwanted calls to collect a debt.  As part of a contract for television and internet services, Ms. Few gave express written consent for Receivables to call her telephone number to collect any debts owed for the services.  (Doc. 6-3 at 15).  On April 27, 2017, Ms. Few answered a call from Receivables and informed the caller that she no longer wished to receive calls from Receivables.  (Doc. 18-1 at ¶¶ 3, 7).  Receivables nevertheless continued calling.  Ms. Few contends that she "has received in excess of 184 telephone calls and text messages from [Receivables]."  (Doc. 1 at ¶ 12).

## III.    DISCUSSION

Ms. Few asserts that Receivables's phone calls and text messages violated the TCPA.  The TCPA forbids any person to make a call "using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the

called party is charged for the call . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

But the TCPA allows calls "made with the prior express consent of the called party." 47 U.S.C § 227(b)(1)(A). And it prohibits calls only from an "automatic telephone dialing system or an artificial or prerecorded voice" as defined by the TCPA. 47 U.S.C. § 227(b)(1)(A)(iii). Receivables contends that its phone calls did not violate the TCPA under both of these exceptions. The court disagrees.

    1.    <u>Revocation of Consent</u>

Prior express consent to receive phone calls is a defense to a TCPA claim. 47 U.S.C § 227(b)(1)(A). But that consent is revocable. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255 (11th Cir. 2014). As the court stated in its Memorandum Opinion on Ms. Few's motion for reconsideration, a party may unilaterally and orally revoke consent to receive debt-collection calls given in a contract unless a contract restricts the means by which the party may revoke consent. *Id.*

Here, Ms. Few gave prior express consent to receive calls from Receivables, but she then orally revoked that consent. No contract provision restricted the means by which she could revoke consent so her revocation was effective. Receivables then called her without her consent, so Receivables is not entitled to judgment as a matter of law.

4

## 2. ATDS or Artificial or Prerecorded Voice

The TCPA does not prohibit phone calls from every telephone system. Instead, the TCPA prohibits phone calls only from an ATDS, which the TCPA defines as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator; and . . . to dial such numbers," or a system that uses "an artificial or prerecorded voice." 47 U.S.C. § 227(a)(1), (b)(1)(A). Receivables contends that it did not use either of these prohibited systems.

Receivables submitted with its motion for summary judgment a declaration from Receivables's CFO stating that Receivables called Ms. Few with the "LiveVox Human Call Initiator" telephone system. (Doc. 6-3 at ¶ 26). And Receivables also submitted a declaration from a LiveVox consultant stating that the LiveVox Human Call Initiator system does not auto-dial, produce numbers to be called using a random or sequential number generator, or use an artificial or prerecorded voice. (Doc. 6-4 at ¶¶ 12, 14, 17). So, according to Receivables, no genuine dispute could exist that it did not use an ATDS or an artificial or prerecorded voice to call Ms. Few.

But Ms. Few has not had the opportunity to dispute whether Receivables used an ATDS or an artificial or prerecorded voice because Receivables brought its motion for summary judgment before discovery began. The Eleventh Circuit

requires that a party opposing a motion for summary judgment "be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997) (citing *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.2d 865, 870–71 (11th Cir. 1988), and *WSB–TV v. Lee*, 842 F.2d 1266, 1269 (11th Cir. 1988)). And if, as Receivables does here, the moving party submits affidavits with its motion for summary judgment before discovery begins, then the non-moving party "has a right to challenge the affidavits and other factual materials submitted in support of the motion by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits." *Snook*, 859 F.2d at 870 (citing *Parrish v. Board of Commissioners of the Alabama State Bar*, 533 F.2d 942, 948 (5th Cir. 1976)).

Ms. Few is entitled to the opportunity to conduct sufficient discovery to determine whether she can dispute that Receivables did not use an ATDS or an artificial or prerecorded voice. She has not had such an opportunity, so the court will deny Receivables's motion for summary judgment as premature.

## IV. CONCLUSION

By separate order, the court **WILL DENY** Receivables's motion for summary judgment and **WILL ORDER** the parties to fulfill their Rule 26(f) obligations consistent with the court's Initial Order.

**DONE** and **ORDERED** this 13th day of November, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE